**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DAVID CHIMINELLO**, | ) Case No.: <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| **SYNCHRONY BANK f/k/a GE CAPITAL RETAIL BANK,** | ) JURY TRIAL DEMANDED <br> ) <br> ) |
| Defendant. | ) |

# COMPLAINT

DAVID CHIMINELLO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SYNCHRONY BANK F/K/A GE CAPITAL RETAIL BANK ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Massachusetts, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Abington, Massachusetts 02351.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 950 Forrer Boulevard, Kettering, OH 45420.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for at least one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around spring or summer of 2015 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular

telephone number, often calling Plaintiff multiple times per week.

13. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14. Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a pre-recorded voice.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an alleged account balance.

16. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's representatives to advise them that he no longer wanted to be contacted on his cellular telephone and to stop calling in the spring or summer of 2015 when calls began.

17. Plaintiff also sent Defendant a letter requesting that their repetitive calls stop in the spring or summer of 2015.

18. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

19. However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone despite Plaintiff's repeated requests to stop calling.

PLAINTIFF'S COMPLAINT

20. Defendant continued to call Plaintiff on his cellular telephone an excessive number of times each week through October 2016.

21. It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone and as such Plaintiff took measures to block Defendant's calls.

22. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

25. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

27. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

28. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

29. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

30. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

31. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID CHIMINELLO, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVID CHIMINELLO, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: September 11, 2017    /s/ Craig Thor Kimmel
Craig Thor Kimmel
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com